# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNETH SIMPSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL D. SMITH, ) <br> ) <br> ) <br> Respondent. ) | No. 4:19-CV-1313 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Kenneth Simpson, which seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. Specifically, petitioner requests relief under the First Step Act of 2018[1] for the sentence imposed against him by the United States District Court for the Eastern District of Missouri in *United States v. Simpson*, No. 4:10-cr-00169-RWS (E.D. Mo.). For the reasons discussed below, the Court will administratively close this habeas action.

### Discussion

On February 15, 2011, petitioner pled guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). *United States v. Simpson*, No. 4:10-cr-00169-RWS (E.D. Mo.). He was sentenced on May 12, 2011, to sixty months imprisonment and a lifetime term of supervised release. Petitioner originally filed this habeas action in the United States District Court for the Western District of Missouri. *Simpson v. Smith*, No. 6:19-cv-03163 SRB (W.D. Mo.). The

---

[1] The First Step Act of 2018 retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010. *See* First Step Act of 2018, § 404(a) (stating that "the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010...that was committed before August 3, 2010"). If sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed, the court that imposed the sentence may impose a reduced sentence. *See* First Step Act of 2018, § 404(b). "The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010...(3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses." *United States v. Kamber*, 2019 WL 399935, at *1 (S.D. Ill. 2019).

matter was ordered transferred to this Court on May 16, 2019. Petitioner seeks relief from the sentence imposed against him by this Court, asserting that he is entitled to good time credit to be retroactively applied to his sentence. Specifically, petitioner seeks a reduction of his criminal sentence under retroactive application of the Fair Sentencing Act of 2010, as set forth in the First Step Act of 2018.

Petitioner's argument relates to a decrease in his sentence, which is more properly brought as a motion for reduction of sentence in his criminal case pursuant to 18 U.S.C. § 3582(c). The usual course would be to administratively close this action and transfer petitioner's application for relief to his criminal case. However, petitioner already has a motion pending in his criminal case brought pursuant to the First Step Act. Therefore, to decrease duplicative filings, the Court will simply administratively close this action.

Accordingly

**IT IS HEREBY ORDERED** that this action is **ADMINISTRATIVELY CLOSED as petitioner currently has a motion pending in his criminal case brought pursuant to the First Step Act seeking a reduction in his criminal sentence.**

**IT IS FURTHER ORDERED** that any pending motions in this action are **DENIED WITHOUT PREJUDICE.**

Dated this 12th day of June, 2019.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE